# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| **In re** | ) | |
| | ) | |
| **LUCIA K. SIMS** | ) | Case No. 10-32076 |
| | ) | |
| Debtor. | ) | Chapter 7 |

| | | |
|---|---|---|
| **JOHN P. NEWTON, JR., TRUSTEE** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. _____ |
| | ) | |
| **LUCIA K. SIMS** | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT OBJECTING TO DISCHARGE

Comes now the Plaintiff, by and through his counsel, and for his Complaint would show unto the Court as follows:

1. This Complaint is filed pursuant to 28 U.S.C. § 157(b)(2)(J). The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The Debtor filed a voluntary petition under Chapter 7 on April 23, 2010. The Plaintiff is the duly qualified and acting trustee in the case.

3. The Debtor filed her schedules under penalty of perjury. Upon review of the schedules and subsequent 2004 Examination, the Plaintiff would show as follows:

    a. On or about September 1, 2009, the Debtor transferred to her son, John W. Sims,

$145,000 for no consideration (see attached "Exhibit A"). The transfer took place at a time the Debtor owed in excess of $100,000 on credit card debt.

      b.      The Transfer essentially left the Debtor substantially little or no assets with which to pay the debts.

      c.      As a result of the transfer on September 1, 2009, at a time the Debtor had insufficient assets to pay her creditors, the transfer was an intent to hinder, delay or defraud creditors because the funds were used to purchase a home that the Debtor would reside in and have the beneficial use while the title was placed in the name of the son and daughter-in-law, John and Jennifer Sims.

      d.      Due to the Debtor's intentional transfer of her funds to her son, within one year before filing, such transfer was upon information and belief made with intent to defraud, hinder or delay her creditors, the Debtor's discharge should be denied pursuant to 11 U.S.C. § 727(a)(2)(A).

      e.      At the time the Debtor filed her bankruptcy petition schedules on or about April 23, 2010, she failed to list in her Statement of Financial Affairs the above described transfer of the funds to her son in the amount of $145,000 which was a material transfer and such omission constitutes a false oath.

      f.      The Trustee alleges that as a result, failure to schedule the transfer of a material amount of property, the Debtor's discharge should be denied pursuant to 11 U.S.C. 727(a)(4)(A).

WHEREFORE, after Notice of Hearing, the Plaintiff prays:

1.      That Summons issue and the Defendant be required to answer provided by law.

2.      That the Trial must cause the Court deny the discharge of the Debtor pursuant to 11 U.S.C. § 727(a)(2) and (4).

3.      That the Plaintiff be allowed to amend the Pleadings and have such other further relief to which he may be entitled based on further discovery in this case.

Dated this 28th day of September, 2010.

                                                /s/ John P. Newton
                                                John P. Newton, Jr., Trustee
                                                Plaintiff

/s/ John P. Newton
John P. Newton, Jr., Esq. # 010817
Law Office of Mayer and Newton
Counsel for Trustee
1111 Northshore Drive, Suite S-570
Knoxville, TN 37919
(865) 588-5111